DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
*Daniel.Hollingsworth@usdoj.gov*
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:15-CR-122-RFB |
| TONY CHAU, | ) |
| Defendant. | ) |

**STIPULATION FOR ENTRY OF ORDER OF FORFEITURE AND FOR RETURN OF $331,078.65 AS TO JASON TRAUT AND ORDER**

The government and Jason Traut, and his counsel, Adam H. Braun, agree as follows:

1. The government filed a Three-Count Information against Tony Chau for violations of NRS 463.160, 463.430, 464.010, 464.070, 465.092, 465.093; Title 18, United States Code, Sections 1955 and 1956(a)(1)(A) and Title 26, United States Code, Section 7206(1). Information, ECF No. 4.

2. Tony Chau pled guilty to Counts One through Three of a Three-Count Criminal Information and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. 4; Plea Agreement, ECF No. 6; Change of Plea, ECF No. 9.

3. Homeland Security Investigations traced illegal proceeds from offshore gambling companies into Tony Chau's account, and then traced those illegal proceeds into Jason Traut's account. Jason Traut was a bona fide purchaser for value without reasonable cause to believe the $331,078.65 seized from City National Bank account number XXXXX3907 in Las Vegas, Nevada, in the name of Jason Traut, was illegal proceeds. The purpose of this Stipulation is to return $331,078.65 to Jason Traut.

4. Jason Traut knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

1. $394.60 in United States Currency;
2. $23,942.48 in United States Currency;
3. $12,077.17 in United States Currency;
4. $62.30 in United States Currency;
5. $10,377.15 in United States Currency;
6. $4,474.96 in United States Currency;
7. $5,151.19 in United States Currency;
8. $331,078.65 in United States Currency;
9. $5,973.19 in United States Currency;
10. $20,800.59 in United States Currency;
11. $2,320.62 in United States Currency;
12. $6,125.39 in United States Currency;
13. $2,277.28 in United States Currency;
14. Domain Name "sportsbettingchamp.com";
15. Domain Name "sportspicksbuffet.com";
16. Domain Name "thechampselections.com";
17. Loan in the amount of $67,026.08 in United States Currency;
18. Loan in the amount of $69,585.00 in United States Currency;
19. Loan in the amount of $100,000.00 in United States Currency;

20. 73,170 ownership units held by Tony Chau in Performance Health Systems;

21. Equity interest in AFTER 157, LLC, purchased by Tony Chau May 29, 2013, for $23,205.45;

22. Equity interest in AFTER 157, LLC, purchased by Tony Chau June 4, 2013, for $126,794.55;

23. Equity interest in AFTER 157, LLC, purchased by Tony Chau June 10, 2013, for $20,000.00;

24. Equity interest in AFTER 157, LLC, Purchased By Tony Chau June 11, 2013, for $10,000.00;

25. Equity interest in AFTER 157, LLC, purchased by Tony Chau June 19, 2013, for $20,000.00;

26. Equity interest in AFTER 157, LLC, purchased by Tony Chau July 16, 2013, for $5,000.00;

27. Equity interest in AFTER 157, LLC, purchased by Tony Chau August 23, 2013, for $121,470.00;

28. Equity interest in AFTER 157, LLC, purchased by Tony Chau August 23, 2013, for $323,530.00;

29. Equity interest in AFTER 157, LLC, purchased by Tony Chau August 29, 2013, for $10,000.00;

30. Equity interest in AFTER 157, LLC, purchased by Tony Chau September 12, 2013, for $15,000.00;

31. Equity interest in AFTER 157, LLC, purchased by Tony Chau September 14, 2013, for $20,500.00;

32. REAL PROPERTY LOCATED AT 235 WEST VAN BUREN, SUITE 4506, CHICAGO, ILLINOIS 60607 MORE PARTICULARLY DESCRIBED AS UNIT 4506 AND PARKING UNIT P-91 IN THE 235 W. VAN BUREN CONDOMINIUMS, AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED PROPERTY: THAT PART OF LOTS 65, 66, 67,

|   |   |
|---|---|
| 1 | 68, 69, 70, 71, 72, 73 AND 74 (TAKEN AS A TRACT) IN BLOCK 90 IN SCHOOL SECTION ADDITION TO CITY OF CHICAGO, IN SECTION 16, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS; WHICH SURVEY IS ATTACHED TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT 0915934034, AS AMENDED FROM TIME TO TIME, TOGETHER WITH AN UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, TAX IDENTIFICATION PROPERTY NUMBER: 17-16-238-019-0000; |

33. REAL PROPERTY LOCATED AT 235 WEST VAN BUREN, SUITE 4610, CHICAGO, ILLINOIS 60607 MORE PARTICULARLY DESCRIBED AS UNIT 4610 AND PARKING UNIT P-97T IN THE 235 W. VAN BUREN CONDOMINIUMS, AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED PROPERTY: THAT PART OF LOTS 65, 66, 67, 68, 69, 70, 71, 72, 73 AND 74 (TAKEN AS A TRACT) IN BLOCK 90 IN SCHOOL SECTION ADDITION TO CITY OF CHICAGO, IN SECTION 16, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS; WHICH SURVEY IS ATTACHED TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT 0915934034, AS AMENDED FROM TIME TO TIME, TOGETHER WITH AN UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, TAX IDENTIFICATION PROPERTY NUMBER: 17-16-238-017-0000;

34. REAL PROPERTY LOCATED AT 310 EAST 46TH STREET, 5L, NEW YORK, NEW YORK 10017, MORE PARTICULARLY DESCRIBED AS SECTION 5 BLOCK 1338 LOT 5 ON THE TAX MAP OF NEW YORK COUNTY, ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, COUNTY, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE NORTHERLY SIDE OF EAST 45TH STREET, DISTANT 100 FEET EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF 45TH STREET AND THE EASTERLY SIDE OF SECOND AVENUE; RUNNING THENCE NORTHERLY PARALLEL WITH SECOND AVENUE, 200 FEET 10 INCHES TO THE SOUTHERLY SIDE OF EAST 46TH STREET; THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF EAST 46TH STREET, 100 FEET; THENCE SOUTHERLY PARALLEL WITH SECOND AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET 5 INCHES TO THE CENTER LINE OF THE BLOCK BETWEEN 45TH AND 46TH STREETS; THENCE EASTERLY ALONG THE CENTER LINE OF THE BLOCK AND PARALLEL WITH EAST 46TH STREET, 25 FEET; THENCE SOUTHERLY PARALLEL WITH SECOND AVENUE, 100 FEET 5 INCHES TO THE NORTHERLY SIDE OF EAST 45TH STREET; THENCE WESTERLY ALONG THE NORTHERLY SIDE OF EAST 45TH STREET, 125 FEET TO THE POINT OF PLACE OF BEGINNING; and

35. REAL PROPERTY LOCATED AT 844 VEGAS VALLEY DRIVE, LAS VEGAS, NEVADA 89109, MORE PARTICULARLY DESCRIBED AS PARCEL ONE (1): LOT THIRTY-ONE (31) OF LAS VEGAS INTERNATIONAL COUNTRY CLUB PATIO HOUSES UNIT NO. 6-A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 13, OF PLATS, PAGE 78, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA; PARCEL TWO (2): A PORTION OF SECTION 10, TOWNSHIP 21 SOUTH, RANGE 61 EAST, M.D.M., CLARK COUNTY, NEVADA, AN ADDITIONAL TO LOT THIRTY-ONE (31) OF LAS VEGAS INTERNATIONAL COUNTRY CLUB PATIO HOUSES, UNIT NO. 6-A AS SHOWN BY MAP THEREOF ON FILE IN BOOK 13 OF PLATS, PAGE 78, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHEAST CORNER OF LOT THIRTY-ONE (31), BEING THE TRUE POINT OF BEGINNING; THENCE NORTH 07°39'18" WEST, A DISTACNE OF 6.04 FEET TO A POINT; THENCE SOUTH 89°08'44" WEST, A DISTANCE OF 33.90 FEET TO A POINT; THENCE SOUTH 02°35'00" EAST, A DISTANCE OF 6.00 FEET TP A POINT; THENCE NORTH 89°08'44" EAST, A DISTANCE OF 34.43 FEET TO THE TRUE POINT OF BEGINNING, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, TAX IDENTIFICATION PROPERTY NUMBER: 162-10-613-002

(all of which constitutes property).

5. Jason Traut knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

6. Jason Traut knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

7. Jason Traut knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

8. Jason Traut knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

9. Jason Traut knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

10. Jason Traut knowingly and voluntarily agrees not to file any claim, petition, or other documents in any proceedings concerning the property.

5

1     11. Jason Traut knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

    12. Jason Traut knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

    13. Jason Traut knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

    14. Jason Traut knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

    15. Jason Traut knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

    16. Jason Traut understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

    17. Jason Traut knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture and for Return of $331,078.65 as to Jason Traut and Order (Stipulation).

    18. Jason Traut knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case relating to the $331,078.65.

19. Jason Traut knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Jason Traut now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

20. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

21. The Stipulation contains the entire agreement between the parties.

22. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

23. Jason Traut knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this Stipulation, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Stipulation do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Adam H. Braun, on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.


24. After the property is forfeited in the criminal case and the United States District Court has signed the Stipulation concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to Jason Traut, through Adam H. Braun, one payment of $331,078.65 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect. Jason Traut knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. Jason Traut knowingly and voluntarily agrees the $331,078.65 may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

25. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

26. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

27. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

28. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

///
///
///
///

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 3/25/16

BRAUN & BRAUN LLP

*[signature]*

ADAM H. BRAUN
Counsel for Jason Traut

DATED: 3.25.2016

*[signature]*

JASON TRAUT

DATED: March 25, 2016

DANIEL G. BOGDEN
United States Attorney

*[signature]*

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

*[signature]*

**RICHARD F. BOULWARE, II**
**United States District Judge**

DATED: October 7, 2016

9

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____         DATED: ___ March 25, 2016 ___

BRAUN & BRAUN LLP                    DANIEL G. BOGDEN
                                     United States Attorney

_____               /s/ Daniel D. Hollingsworth
ADAM H. BRAUN                        DANIEL D. HOLLINGSWORTH
Counsel for Jason Traut              Assistant United States Attorney

DATED: _____


_____
JASON TRAUT


IT IS SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE

DATED: _____

9