1   DANIEL G. BOGDEN
    United States Attorney
2   Nevada State Bar No. 2137
    DANIEL D. HOLLINGSWORTH
3   Assistant United States Attorney
    Nevada State Bar No. 1925
4   501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101
5   Telephone: (702) 388-6336
    Facsimile: (702) 388-6787
6   Daniel.hollingsworth@usdoj.gov
    Counsel for the United States
7

8

9

10              **UNITED STATES DISTRICT COURT**

11                   **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,           )   2:15-CR-122-RFB
                                        )
13                  Plaintiff,          )
                                        )
14          v.                          )   Stipulation for Entry of Order of Forfeiture
                                        )   as to Ridgewood Savings Bank and Order
15  TONY CHAU,                          )
                                        )
16                  Defendant.          )

17          The United States of America and Ridgewood Savings Bank, by and through its Vice

18  President, Vito DiBona, agree as follows:

19          1.      The government filed a Three-Count Information against Tony Chau for

20  violations of Nevada Revised Statutes 463.160, 463.430, 464.010, 464.070, 465.092, 465.093;

21  Title 18, United States Code, Sections 1955 and 1956(a)(1)(A); and Title 26, United States Code,

22  Section 7206(1). Information, ECF No. 4.

23          2.      Tony Chau pled guilty to Counts One through Three of a Three-Count Criminal

24  Information and agreed to the forfeiture of property set forth in the Plea Agreement and the

25  Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. 4; Plea

26  Agreement, ECF No. 6; Change of Plea, ECF No. 9.

3.      On March 24, 2016, Ridgewood Savings Bank filed a Petition for Adjudication of Interest Under 21 U.S.C. § 853 (ECF No. 30). The parties to this Agreement hereby stipulate that Ridgewood Savings Bank had a prior vested or superior interest in the property or is a bona fide purchaser for value of the right, title, or interest in the property, and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture.

4.      Ridgewood Savings Bank knowingly and voluntarily agrees to the imposition of the criminal forfeiture of the following property:

> 185 SHARES OF CAPITAL STOCK OF TURTLE BAY TOWERS CORP. AND CHAU'S INTEREST IN THE PROPRIETARY LEASE APPURTENANT TO THE COOPERATIVE APARTMENT LOCATED AT 310 EAST 46TH STREET, 5L, NEW YORK, NEW YORK 10017, MORE PARTICULARLY DESCRIBED AS SECTION 5 BLOCK 1338 LOT 5 ON THE TAX MAP OF NEW YORK COUNTY, ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, COUNTY, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE NORTHERLY SIDE OF EAST 45TH STREET, DISTANT 100 FEET EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF 45TH STREET AND THE EASTERLY SIDE OF SECOND AVENUE; RUNNING THENCE NORTHERLY PARALLEL WITH SECOND AVENUE, 200 FEET 10 INCHES TO THE SOUTHERLY SIDE OF EAST 46TH STREET; THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF EAST 46TH STREET, 100 FEET; THENCE SOUTHERLY PARALLEL WITH SECOND AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET 5 INCHES TO THE CENTER LINE OF THE BLOCK BETWEEN 45TH AND 46TH STREETS; THENCE EASTERLY ALONG THE CENTER LINE OF THE BLOCK AND PARALLEL WITH EAST 46TH STREET, 25 FEET; THENCE SOUTHERLY PARALLEL WITH SECOND AVENUE, 100 FEET 5 INCHES TO THE NORTHERLY SIDE OF EAST 45TH STREET; THENCE WESTERLY ALONG THE NORTHERLY SIDE OF EAST 45TH STREET, 125 FEET TO THE POINT OF PLACE OF BEGINNING (property).

5.      Ridgewood Savings Bank knowingly and voluntarily agrees to forfeit the property to the United States, subject to the provisions set forth below.

6.      Ridgewood Savings Bank knowingly and voluntarily agrees to relinquish all right, title, and interest in the property, subject to the provisions set forth below.

/ / /

/ / /

7.     Ridgewood Savings Bank knowingly and voluntarily agrees to waive its right to the criminal forfeiture proceeding (proceeding) of the property in *United States v. Tony Chau*, 2:15-CR-122-RFB, except for paragraphs 23-25.

8.     Ridgewood Savings Bank knowingly and voluntarily agrees to waive service of process in this proceeding. Ridgewood Savings Bank will receive service of process of any filed document through CM/ECF.

9.     Ridgewood Savings Bank knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the property except as provided in paragraphs 23, 24, or 25.

10.     Ridgewood Savings Bank knowingly and voluntarily agrees not to file any petition or other documents in this proceeding concerning the property as it relates to this case except to enforce paragraphs 23, 24, or 25, or except as may be required by the United States Attorney's Office or this Court. Notwithstanding the above provision, if any party, person, or entity, who is not a signatory of this stipulation, files a petition or claim, Ridgewood Savings Bank retains the right to file any documents to defend their rights concerning their interest in the property.

11.     Ridgewood Savings Bank knowingly and voluntarily agrees to withdraw any petitions or other documents it filed in this proceeding concerning the property when this Court grants this Stipulation for Entry of Order of Forfeiture as to Ridgewood Savings Bank and Order (Stipulation).

12.     Ridgewood Savings Bank knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 32.2, the constitutional requirements, and the constitutional due process requirements of this proceeding concerning the property as it relates to *this* case. Notwithstanding the above provision, if any party, person, or entity, who is not a signatory of this stipulation, files a petition or claim, Ridgewood Savings Bank retains the right to file any documents to defend their rights concerning their interest in the property.

13.     Ridgewood Savings Bank knowingly and voluntarily agrees to waive its right to an ancillary hearing on the forfeiture of the property.

14.     Ridgewood Savings Bank knowingly and voluntarily agrees to waive all defenses under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in this proceeding concerning the property.

15.     Ridgewood Savings Bank knowingly and voluntarily agrees to the entry of a Final Order of Forfeiture of the property to the United States.

16.     Ridgewood Savings Bank knowingly and voluntarily agrees to the conditions set forth in this Stipulation.

17.     Ridgewood Savings Bank knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any claim made by any third party arising from the facts and circumstances of this case as it relates to ownership of the promisory note as defined in paragraph 22.

18.     Ridgewood Savings Bank knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Ridgewood Savings Bank now has or may hereafter have on account of, or in any way growing out of, the forfeiture of the property in the criminal forfeiture.

/ / /

4

19.     Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

20.     The Stipulation contains the entire agreement between the parties.

21.     Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

22.     Ridgewood Savings Bank declares under penalty of perjury, pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, that it has the original promissory note(s) in its possession.

23.     After the United States District Court has signed and entered the Final Order of Forfeiture and this Stipulation, after the United States sells the property, and after payment of outstanding taxes, expenses of custody, sale costs incurred by Homeland Security Investigations, and payment of any outstanding monthly maintenance charges for Turtle Bay Towers Corp., within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees that Ridgewood Savings Bank will receive payment from the sale proceeds of the property. When the conditions in this paragraph are met and the property is sold, the United States will transfer to Ridgewood Savings Bank:

      a.     Unpaid principal of $455,638.98 (or current unpaid principal at the time of repayment);

      b.     Interest of $0; and

      c.     $60.92 per diem from April 4, 2016, until the date of payment, if not paid.

24.     If the total to be paid to Ridgewood Savings Bank equals or exceeds the net sale proceeds after all expenses and costs are paid– including, but not limited to – any outstanding monthly maintenance charges for Turtle Bay Towers Corp., all of the principal, per diem, interest

charges, outstanding taxes, expenses of custody, maintenance and repairs, costs of the sale, escrow advance, and casualty insurance, this Stipulation shall be null and void and Ridgewood Savings Bank may foreclose on the property.

25.     If an offer is made on the property but the sale proceeds will not cover all expenses and costs – including, but not limited to – any outstanding monthly maintenance charges for Turtle Bay Towers Corp., all of the principal, per diem, interest charges, outstanding taxes, expenses of custody, maintenance and repairs, costs of the sale, escrow advance, and casualty insurance, and if Ridgewood Savings Bank agrees in writing to the sale price within two weeks of the government giving notice in writing of its intent to declare the Stipulation null and void and to reverse forfeiture of the property, the United States will not be held accountable for the remaining amount owed, and Ridgewood Savings Bank will be satisfied without being made whole. The payment to Ridgewood Savings Bank shall be in full settlement and satisfaction of all claims by Ridgewood Savings Bank arising from and relating to the detention and forfeiture of the property.

26.     Payment to Ridgewood Savings Bank is conditioned upon the United States prevailing against the defendant and any other competing claims.

27.     Upon payment, Ridgewood Savings Bank agrees to assign and convey its security interest to the United States via recordable documents, where applicable. Ridgewood Savings Bank agrees to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to implement further the terms of this Stipulation.

28.     Ridgewood Savings Bank understands and agrees that the United States reserves the right to void this Stipulation if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the property. In either event, the Government shall promptly notify the mortgagee or lienholder of

such action. A discretionary termination of forfeiture shall not be a basis for any award of attorney's fees, expenses, interest, and costs.

29.     The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

30.     This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

31.     Each party shall bear its own attorneys' fees, expenses, interest, and costs. A discretionary termination of forfeiture shall not be a basis for an award of attorneys' fees, expenses, interest, and costs.

32.     This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2   reasonable cause for the seizure and forfeiture of the property.

3   DATED: _8/3/16_          DATED: _8/5/16_

4   Ridgewood Savings Bank        DANIEL G. BOGDEN
                                           United States Attorney

5

6   _____               _____

7   VITO DIBONA                  DANIEL D. HOLLINGSWORTH
Vice President for Ridgewood Savings Bank    Assistant United States Attorney

8

9   DATED: _8/4/16_

10  SNELL & WILMER L.L.P

11

12  _____
Approved as to form by
13  ALEX L. FUGAZZI
Counsel for Ridgewood Savings Bank

14

15                                     IT IS SO ORDERED:

16

17

18                                     RICHARD F. BOULWARE, II
                                   United States District Judge

19                                     DATED: October 7, 2016

20

21

22

23

24

25

26

                                      8

1         IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2   reasonable cause for the seizure and forfeiture of the property.

3   DATED: _____      DATED: <u>August 5, 2016</u>

4   Ridgewood Savings Bank               DANIEL G. BOGDEN
                                       United States Attorney

5

6   _____   <u>/s/ Daniel D. Hollingsworth</u>
   VITO DIBONA                      DANIEL D. HOLLINGSWORTH

7   Vice President for Ridgewood Savings Bank   Assistant United States Attorney

8

9   DATED: _____

10   SNELL & WILMER

11

12   _____
    Approved as to form by:

13   ALEX L. FUGAZZI
    Counsel for Ridgewood Savings Bank

14

15                         IT IS SO ORDERED:

16

17

18                         _____
                         **RICHARD F. BOULWARE, II**

19                         **United States District Judge**

20                         DATED: ___October 7, 2016___

21

22

23

24

25

26