DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Daniel.Hollingsworth@usdoj.gov
Counsel for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-122-RFB |
| Plaintiff, | |
| v. | Stipulation for Entry of Order of Forfeiture as to Turtle Bay Towers Corp. and Order |
| TONY CHAU, | |
| Defendant. | |

The United States of America and Turtle Bay Towers Corp. (Turtle Bay Towers), and its counsel, Emil Samman, agree as follows:

1. The government filed a Three-Count Information against Tony Chau for violations of Nevada Revised Statutes 463.160, 463.430, 464.010, 464.070, 465.092, 465.093; Title 18, United States Code, Sections 1955 and 1956(a)(1)(A); and Title 26, United States Code, Section 7206(1). Information, ECF No. 4.

2. Tony Chau pled guilty to Counts One through Three of a Three-Count Criminal Information and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. 4; Plea Agreement, ECF No. 6; Change of Plea, ECF No. 9.

3.  Turtle Bay Towers knowingly and voluntarily agrees to the imposition of the criminal forfeiture of the following:

> 185 SHARES OF CAPITAL STOCK OF TURTLE BAY TOWERS CORP. AND CHAU'S INTEREST IN THE PROPRIETARY LEASE APPURTENANT TO THE COOPERATIVE APARTMENT LOCATED AT 310 EAST 46TH STREET, 5L, NEW YORK, NEW YORK 10017, MORE PARTICULARLY DESCRIBED AS SECTION 5 BLOCK 1338 LOT 5 ON THE TAX MAP OF NEW YORK COUNTY, ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, COUNTY, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE NORTHERLY SIDE OF EAST 45TH STREET, DISTANT 100 FEET EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF 45TH STREET AND THE EASTERLY SIDE OF SECOND AVENUE; RUNNING THENCE NORTHERLY PARALLEL WITH SECOND AVENUE, 200 FEET 10 INCHES TO THE SOUTHERLY SIDE OF EAST 46TH STREET; THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF EAST 46TH STREET, 100 FEET; THENCE SOUTHERLY PARALLEL WITH SECOND AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET 5 INCHES TO THE CENTER LINE OF THE BLOCK BETWEEN 45TH AND 46TH STREETS; THENCE EASTERLY ALONG THE CENTER LINE OF THE BLOCK AND PARALLEL WITH EAST 46TH STREET, 25 FEET; THENCE SOUTHERLY PARALLEL WITH SECOND AVENUE, 100 FEET 5 INCHES TO THE NORTHERLY SIDE OF EAST 45TH STREET; THENCE WESTERLY ALONG THE NORTHERLY SIDE OF EAST 45TH STREET, 125 FEET TO THE POINT OF PLACE OF BEGINNING (property).

4.  Turtle Bay Towers knowingly and voluntarily agrees to waive its right to the criminal forfeiture proceeding (proceeding) of the property in *United States v. Tony Chau*, 2:15-CR-122-RFB.

5.  Turtle Bay Towers knowingly and voluntarily agrees to waive service of process of any and all documents filed in this proceeding concerning this property.

6.  Turtle Bay Towers knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in this proceeding concerning the property.

7.  Turtle Bay Towers knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of this proceeding concerning the property.

8. Turtle Bay Towers knowingly and voluntarily agrees to waive its right to an ancillary hearing on the forfeiture of the property.

9. Turtle Bay Towers knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in this proceeding concerning the property.

10. Turtle Bay Towers knowingly and voluntarily agrees to the entry of a Final Order of Forfeiture of the property to the United States.

11. Turtle Bay Towers knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Turtle Bay Towers Corp. and Order (Stipulation).

12. Turtle Bay Towers knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any claim made by any third party as it relates to Turtle Bay Towers as Lessor and the owner of the land and building erected thereon in the Borough of Manhattan, City and State of New York, known as and by the street number 310 East 46th Street, New York, NY.

13. Turtle Bay Towers knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Turtle Bay Towers now has or may hereafter have on account

3

of, or in any way growing out of, the seizure and the forfeiture of the property in this case except if the government were to violate paragraphs 14-18.

14. The United States agrees to require the successful bidders to complete all forms, provide any documents, and pay the required application fees Turtle Bay Towers requires to comply with their standard residency application and screening process.

15. The parties have agreed to a reserve amount for the sale of the property. The reserve amount will be filed separately under seal so the amount will remain confidential.

16. Turtle Bay Towers has the right of first refusal of any bid.

17. Entities will be excluded from bidding on the property.

18. All bidders must agree to the terms set forth in the Turtle Bay Towers' application.

19. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

20. The Stipulation contains the entire agreement between the parties.

21. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

22.     After the United States District Court has signed and entered the Final Order of Forfeiture and this Stipulation, after the United States sells the property, and after payment of outstanding taxes, expenses of custody, sale costs incurred by Homeland Security Investigations, and payment of any outstanding monthly maintenance charges for Turtle Bay Towers Corp., within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees that Ridgewood Savings Bank will receive payment from the sale proceeds of the property.

/ / /

4

23. If the total to be paid to Ridgewood Savings Bank equals or exceeds the net sale proceeds after all expenses and costs are paid– including, but not limited to – all of the principal, per diem, interest charges, outstanding taxes, expenses of custody, maintenance and repairs, costs of the sale, escrow advance, casualty insurance, and any outstanding monthly maintenance charges for Turtle Bay Towers Corp., this Stipulation shall be null and void and Ridgewood Savings Bank may foreclose on the property.

24. If an offer is made on the property but the sale proceeds will not cover all expenses and costs – including, but not limited to – all of the principal, per diem, interest charges, outstanding taxes, expenses of custody, maintenance and repairs, costs of the sale, escrow advance, casualty insurance, and any outstanding monthly maintenance charges for Turtle Bay Towers Corp., and if Ridgewood Savings Bank agrees in writing to the sale price within two weeks of the government giving notice in writing of its intent to declare the Stipulation null and void and to reverse forfeiture of the property, the United States will not be held accountable for the remaining amount owed, and Ridgewood Savings Bank will be satisfied without being made whole. The payment to Ridgewood Savings Bank shall be in full settlement and satisfaction of all claims by Ridgewood Savings Bank arising from and relating to the detention and forfeiture of the property.

25. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

26. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

27. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

/ / /

28. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 9/1/16

Kagan Lubic Lepper Finkelstein & Gold, LLP

EMIL SAMMAN
Counsel for Turtle Bay Towers

DATED: September 1, 2016

DANIEL G. BOGDEN
United States Attorney

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

**RICHARD F. BOULWARE, II**
**United States District Judge**

DATED: October 7, 2016

28. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

Kagan Lubic Lepper Finkelstein & Gold, LLP

_____
EMIL SAMMAN
Counsel for Turtle Bay Towers

DATED: September 1, 2016

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**

DATED: October 7, 2016

6