DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Daniel.Hollingsworth@usdoj.gov
Counsel for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | ) 2:15-CR-122-RFB |
|---|---|
| Plaintiff, | ) |
| v. | ) Stipulation for Entry of Order of Forfeiture as to North Shore Community Bank, n.k.a. Wintrust Bank, and Order |
| TONY CHAU, | ) |
| Defendant. | ) |

The United States of America and North Shore Community Bank, n.k.a. Wintrust Bank (Wintrust Bank), and its counsel, Rick Rein, agree as follows:

1. The government filed a Three-Count Information against Tony Chau for violations of Nevada Revised Statutes 463.160, 463.430, 464.010, 464.070, 465.092, 465.093; Title 18, United States Code, Sections 1955 and 1956(a)(1)(A); and Title 26, United States Code, Section 7206(1). Information, ECF No. 4.

2. Tony Chau pled guilty to Counts One through Three of a Three-Count Criminal Information and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. 4; Plea Agreement, ECF No. 6; Change of Plea, ECF No. 9.

3. Wintrust Bank knowingly and voluntarily agrees to the imposition of the criminal forfeiture of the following property:

> REAL PROPERTY LOCATED AT 235 WEST VAN BUREN, SUITE 4610, CHICAGO, ILLINOIS 60607 MORE PARTICULARLY DESCRIBED AS UNIT 4610 AND PARKING UNIT P-97T IN THE 235 W. VAN BUREN CONDOMINIUMS, AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED PROPERTY: THAT PART OF LOTS 65, 66, 67, 68, 69, 70, 71, 72, 73 AND 74 (TAKEN AS A TRACT) IN BLOCK 90 IN SCHOOL SECTION ADDITION TO CITY OF CHICAGO, IN SECTION 16, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS; WHICH SURVEY IS ATTACHED TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT 0915934034, AS AMENDED FROM TIME TO TIME, TOGETHER WITH AN UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, TAX IDENTIFICATION PROPERTY NUMBER: 17-16-238-017-0000 (property).

4. Wintrust Bank knowingly and voluntarily agrees to forfeit the property to the United States.

5. Wintrust Bank knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

6. Wintrust Bank knowingly and voluntarily agrees to waive its right to any criminal forfeiture proceedings (proceedings) of the property except for paragraphs 23, 24, or 25.

7. Wintrust Bank knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8. Wintrust Bank knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the property.

9. Wintrust Bank knowingly and voluntarily agrees not to file any petition or other documents in any proceedings concerning the property.

10. Wintrust Bank knowingly and voluntarily agrees to withdraw any petitions or other documents it filed in any proceedings concerning the property.

11. Wintrust Bank knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. 32.2, the constitutional requirements, and

the constitutional due process requirements of any forfeiture proceedings concerning the property.

12. Wintrust Bank knowingly and voluntarily agrees to waive its right to an ancillary hearing on the forfeiture of the property.

13. Wintrust Bank knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses or claims.

14. Wintrust Bank knowingly and voluntarily agrees to waive all defenses under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

15. Wintrust Bank knowingly and voluntarily agrees to the entry of a Final Order of Forfeiture of the property to the United States.

16. Wintrust Bank knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to North Shore Community Bank, n.k.a. Wintrust Bank and Order (Stipulation).

17. Wintrust Bank knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case.

18. Wintrust Bank knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, Department of the United States Treasury, the United States Internal Revenue Service, their agencies, their agents, and their employees from any and all claims, rights, or

causes of action of any kind that Wintrust Bank now has or may hereafter have on account of, or in any way growing out of, the forfeiture of the property in the criminal forfeiture.

19. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

20. The Stipulation contains the entire agreement between the parties.

21. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

22. Wintrust Bank declares under penalty of perjury, pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, that it has the original promissory notes in its possession.

23. After the United States District Court has signed and entered the Final Order of Forfeiture and this Stipulation, after the United States sells the property, and after payment of outstanding taxes, expenses of custody, and sale costs incurred by Homeland Security Investigations, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees that Wintrust Bank will receive payment from the sale proceeds of the property. When the conditions in this paragraph are met and the property is sold, the United States will transfer to Wintrust Bank:

    a. Unpaid principal of $248,882.14 (or current unpaid principal at the time of repayment);

    b. Interest of $2,902.44;

    c. $27.27 per diem from September 14, 2016, until the date of payment, if not paid; and

    d. Attorney's Fees of $2500.00.

4

24. If the total to be paid to Wintrust Bank equals or exceeds the net sale proceeds after all expenses and costs are paid, this Stipulation shall be null and void and Wintrust Bank may foreclose on the property. A discretionary termination of forfeiture shall not be a basis for an award of fees, expenses, interest, and costs.

25. If the sale proceeds of the property do not cover all of the principal, per diem, interest charges, outstanding taxes, expenses of custody – including, but not limited to – maintenance and repairs, costs of the sale, escrow advance, and casualty insurance, and Wintrust Bank agrees to the sale, the United States will not be held accountable for the remaining amount owed, and Wintrust Bank will be satisfied without being made whole. The payment to Wintrust Bank shall be in full settlement and satisfaction of all claims by Wintrust Bank arising from and relating to the detention and forfeiture of the property.

26. Payment to Wintrust Bank **e** is conditioned upon the United States prevailing against the defendant and any other competing claims.

27. Upon payment, Wintrust Bank agrees to assign and convey its security interest to the United States via recordable documents. Wintrust Bank agrees to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to implement further the terms of this Stipulation.

28. If any sale proceeds of the property remain after paying the above amounts, then the remaining sale proceeds will be forfeited to the United States.

29. Wintrust Bank understands and agrees that the United States reserves the right to void this Stipulation if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the property. In either event, the Government shall promptly notify the mortgagee or lienholder of such action. A

/ / /

1  discretionary termination of forfeiture shall not be a basis for any award of fees, expenses, interest, and costs.

2      30.    The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

    31.    This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

    32.    Each party shall bear its own attorneys' fees, expenses, interest, and costs.

    33.    This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 9/23/16

Horwood Marcus & Berk Chartered

/s/ Eric S. Rein
ERIC S. REIN
Counsel for Wintrust Bank

DATED: 10/12/16

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

**DATED**: October 12, 2016.

discretionary termination of forfeiture shall not be a basis for any award of fees, expenses, interest, and costs.

30. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

31. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

32. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

33. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

Horwood Marcus & Berk Chartered

_____
ERIC S. REIN
Counsel for Wintrust Bank

DATED:   October 12, 2016

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: _____

6